IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT A. KONITZER,
a/k/a Donna Dawn Konitzer,

                      Plaintiff,                                  ORDER

    v.

GARY HAMBLIN, JANEL NICKEL,                        11-cv-426-slc
JANET MINK, CAPTAIN KELLER,
TINA MARTIN, RANDY BECKER, and
CORRECTIONS OFFICER FRAUNDORF,

                      Defendants.

---

Plaintiff Scott A. Konitzer a/k/a Donna Dawn Konitzer, has filed a notice of appeal in which she[1] states that she wishes to appeal this court's May 25, 2012 order.

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal of an order if it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Neither of these factors is present in this case.

There is not a substantial ground for a difference of opinion on the question whether this court may exercise it's discretion in issuing a stay. *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. As I explained in the May 25 order, this case is not being stayed indefinitely. The defendants have been ordered to provided a status update regarding Balsewicz's state court case not later than

---

[1] At Konitzer's request, the court will refer to her using female pronouns.

September 14, 2012. The court will not stay this case longer than justice requires. Furthermore, plaintiff failed to show that she would be prejudiced by this stay of several months. Therefore, I will deny plaintiff's request for certification that she can an take interlocutory appeal from the May 25, 2012 order.

Nevertheless, plaintiff's filing of a notice of appeal in this case triggers a financial obligation: she owes a $455 fee for the appeal. Because plaintiff's notice of appeal was not accompanied by the $455 fee for filing an appeal, I construe it to include a request to proceed *in forma pauperis* on appeal. A district court has authority to deny a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). I will deny plaintiff's request because I certify that her appeals from an unappealable non-final order are not taken in good faith.

Because I am certifying plaintiff's appeals as not having been taken in good faith, she cannot proceed with her appeal without prepaying the $455 filing fee unless the court of appeals gives her permission to do so. Under Fed. R. App. P. 24, she has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed *in forma pauperis* on appeal. With her motion, she must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues she intends to argue on appeal. Also, she must send along a copy of this order. Plaintiff should be aware that she must file these documents in addition to the notice of appeal she has filed previously. If she does not file a motion requesting review of this order, the court of appeals may choose not to address the denial

of leave to proceed *in forma pauperis* on appeal. Instead, it may require her to pay the full $455 filing fees before it considers her appeal. If she does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that plaintiff Scott Konitzer a/k/a Donna Dawn Konitzer's motion to certify an interlocutory appeal, dkt. 105, is DENIED. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing this appeal is reflected in the court's financial records.

Entered this 12th day of July, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge